UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER L. MANES,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

CASE NO.   C05-5653RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court upon the Report and Recommendation of Judge Karen L. Strombom, United States Magistrate Judge. Dkt. 16. The Court has considered the Report and Recommendation (Dkt. 16), Plaintiff's Objections to the Report and Recommendation of Magistrate Judge (Dkt. 17), Defendant's Response to Plaintiff's Objections (Dkt. 18), and the file herein.

I.  **FACTS**

    The procedural history and basic facts are related at length in the Report and Recommendation and shall not be repeated here. After the Report and Recommendation was issued, Plaintiff filed objections arguing that: a) the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") assessment was incorrect, b) the ALJ's assessment of Plaintiff's credibility was improper, and c) the ALJ's determination that Plaintiff was capable of other employment was in error. Dkt. 17. The Commissioner contends that the ALJ's RFC assessment and credibility assessments were proper and that substantial evidence in the record indicates that Plaintiff is capable of performing other work existing in significant numbers in the national economy. Dkt. 18.

ORDER
Page - 1

II.   **DISCUSSION**

This Court must uphold the Commissioner's determination that the Plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A.   **RFC ASSESSMENT**

An individual's RFC is what that individual can still do despite his or her limitations. Social Security Ruling ("SSR") 96-8p. The ALJ is responsible for determining a plaintiff's RFC. *Id.* The RFC assessment must be based on all of the relevant evidence in the record, such as "medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, evidence from attempts to work, need for a structured living environment, and work evaluations if available." *Id.*

Plaintiff argues, in his objections, that Judge Strombom erred in finding the ALJ's RFC assessment was proper. Dkt. 17. Plaintiff points to the opinions of Dr. Jens R. Chapman and Dr. Richard L. McLeod II, each of whom opined that Plaintiff was more restricted in his ability to work than was found by the ALJ. *Id.* at 2. Plaintiff argues that each opinion was support by a physical examination and was supported by the assessments made by two nurse practitioners. *Id.*

Judge Strombom properly concluded that the ALJ's RFC assessment was correct. The ALJ rejected the opinions of Dr. Chapman and Dr. McLeod based on the scant objective medical evidence each doctor provided to support their findings. Dkt. 16, at 6. Moreover, Judge Strombom notes that the weight of the remaining objective medical evidence supports the ALJ's assessment. *Id.*, at 7. The opinions of the two nurse practitioners were also properly rejected. Judge Strombom noted that ALJ provided "germane" reasons for rejecting their opinions, including that the weight of the medical evidence did not

support their findings, the forms they filled out were devoid of supporting objective medical evidence, and the forms they filled out were check-off reports.

## B. CREDIBILITY ASSESSMENT

The ALJ is responsible for determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court does not engage in second guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff argues that the ALJ's credibility assessment was in error. Dkt. 17, at 4. Judge Strombom found that both ALJs provided clear and convincing reasons upon which to discount Plaintiff's credibility including the objective medical evidence, his daily activities, infrequent medical treatment, his hearing demeanor and appearance, and inconsistent statements. Dkt. 16, at 9-12. Plaintiff attacks two of the several reasons the ALJs gave: 1) that ALJ Schellentrager stated that "I do not accept that it takes the claimant several minutes to go from sitting to standing and walking" and 2) that there was no medical documentation of loss of sensation in his legs or feet and no atrophy even though Plaintiff contends that there was such documentation. Dkt. 17, at 4. The first basis which Plaintiff attacks is not a reason to discount Plaintiff's credibility but a statement that the ALJ did not find him credible. As to the second basis which Plaintiff attacks, even if there was medical evidence of loss of sensation in Plaintiff's legs and/or feet, both ALJs provided several other reasons to find him not credible. The fact that some of the reasons for discounting Plaintiff's credibility were improper does not render the ALJ's credibility determination invalid, as long as that determination is supported by substantial evidence in the record, as it is here. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

## C. DETERMINATION REGARDING PLAINTIFF'S ABILITY TO PERFORM OTHER JOBS

In the last step of determining whether a claimant is entitled to benefits, the ALJ assesses the claimant's residual functional capacity, age, education, and work experience in order to determine if the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520 (a)(4)(v), 20 C.F.R. § 404.1520 (g). The Commissioner has the burden at this step and must use a vocational expert to meet this burden if there is no other reliable evidence in the record of plaintiff's ability to perform specific jobs. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

ORDER
Page - 3

1  In his objections, Plaintiff argues that at no time did the vocational expert testify that a parking lot
2  attendant job was at the sedentary RFC level. Dkt. 17, at 5. However, the record indicates that the
3  vocational expert did indicate that there were 250 jobs as parking lot attendants at the sedentary level in
4  the State of Washington. Tr. 695-97. The undersigned agrees with Judge Strombom's finding that in
5  light of the note in *Barker v. Secretary of Health and Human Services*, 882 F.2d 1474, 1478-79 (9th Cir.
6  1989), (regarding whether 250 jobs is "significant") this Court can not find that the ALJ erred in finding
7  Plaintiff was capable of returning to other jobs existing in significant numbers in the national economy.

III. **ORDER**

Accordingly, it is hereby ORDERED that:

(1) The Court **ADOPTS** the Report and Recommendation;

(2) The administrative decision is **AFFIRMED;** and

(3) The Clerk is directed to send copies of this Order to Plaintiff' counsel, Defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 12th day of June, 2006.

*[signature]*

Robert J. Bryan
United States District Judge